IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-147-TAV-HBG |
| BARRY W. HARDIN, | ) | |
| NICHOLAS D. GRAHAM, | ) | |
| DANIEL A. BARTON, | ) | |
| BOYD D. PHILLIPS, | ) | |
| GUY R. JENKINS, III, | ) | |
| NOAH A. ELLIOT, and | ) | |
| SUSAN L. DASHER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case came before the undersigned on April 23, 2019, for a scheduled motion hearing on two pending motions [Docs. 348 & 351] to continue the trial and other deadlines. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. The following defense counsel appeared on behalf of the Defendants: Attorney Ursula Bailey for Defendant Barry W. Hardin; Attorney Russell T. Greene for Defendant Nicholas D. Graham; Attorney Francis L. Lloyd, Jr., for Defendant Daniel A. Barton; Attorney Jamie Poston Hughes for Defendant Boyd D. Phillips; Attorney Loretta G. Cravens for Defendant Guy R. Jenkins, III; Attorney Ruth Thompson Ellis for Defendant Noah A. Elliot; and Attorney Corey B. Shipley appeared by telephone for Defendant

Susan L. Dasher. Defendants Jenkins and Elliot were also present at the hearing. The Court excused all Defendants from appearing at the hearing.[1]

The Court first took up Defendant Boyd Phillips's Motion to Withdraw [Doc. 380]. Attorney Hughes stated that Defendant Phillips has entered into a plea agreement with the Government and his change of plea is scheduled for April 30, 2019. Accordingly, Defendant Philips is no longer proceeding to trial. The Court finds the Defendant's Motion to Withdraw [**Doc. 380**] is well taken and it is **GRANTED**. Defendant Phillips's motion to continue the trial and other deadlines [**Doc. 351**] is **WITHDRAWN.**

Defendant Dasher asks [Doc. 348] to continue the August 20 trial date at least sixty days, because she is presently receiving cancer treatments, her health has deteriorated, and she is not able to meet with counsel. Moreover, her motion relates that the discovery in this case is voluminous and that she needs time to meet with counsel to confer on pretrial motions. At the motion hearing, Mr. Shipley related to the Court that Defendant Dasher has been placed in hospice or end-of-life care. He said that although he does not envision filing any motions on behalf of Defendant Dasher, he needs additional time to meet with his client with regard to a potential resolution of her case. He agreed that a December trial date would give him sufficient time.

Ms. Bailey stated that Defendant Harding does not oppose Defendant Dasher's motion. Mr. Greene stated that Defendant Graham has an agreement in principle with the Government but that he needs to meet with his client in order to formalize the agreement. He stated that he intended to travel to Georgia, where his client is housed, soon. Mr. Lloyd and Ms. Cravens stated that Defendants Barton and Jenkins also do not oppose a trial continuance. Ms. Cravens asked the

---

[1] The Court was not able to produce Defendant Nicholas Graham for the hearing, although his attorney requested his appearance, because he could not be transported in time.

Court to reset the motion deadline in this case. Ms. Ellis stated that Defendant Elliot is doing well on his conditions of release and is fine with a December trial date. Ms. Ellis noted that a continuance would provide additional time for her to receive some discovery that was inadvertently omitted.

AUSA Hebets said the Government did not have a strong objection to continuing the trial to December 2019. She observed that over twenty codefendants have entered guilty pleas in this case and cannot be sentenced until after trial. AUSA Hebets noted that these codefendants will have to remain in marshal custody until they can be sentenced. She stated that she did not object to a new motion deadline and suggested that a June motion deadline would be reasonable. The parties agreed on a new trial date of December 3, 2019.

The Court finds the Defendant Dasher's motion to continue the trial is unopposed by her codefendants and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 5] charges twenty-nine named Defendants, including Defendants Hardin, Graham, Barton, Jenkins, Elliot, and Dasher, and unnamed others with conspiracy to distribute fifty grams or more of methamphetamine over two years and ten months. Defendants Elliot, Jenkins, and Barton are charged with distributing methamphetamine on specific dates. Defendants Graham and Elliot are also charged with possession of a firearm in furtherance of drug trafficking crimes. Defendant Graham is charged with being a felon in possession of a firearm.

Mr. Shipley states that he has been unable to meet with his client and to confer with her on the resolution of this case, due to her deteriorated health. The Court finds that Mr. Shipley needs additional time to prepare Defendant Dasher's case for trial or other resolution. Additionally, the

Court has found [Doc. 257] that discovery in this case is voluminous, consisting of over thirteen gigabytes of data, which includes documents, video recordings, and photographs. Attorney Ellis states that she anticipates receiving some discovery that was inadvertently omitted. Ms. Cravens requests additional time to file pretrial motions. The Court finds that defense counsel need time to complete review of discovery before preparing and filing pretrial motions. Counsel also need time to investigate the case and to prepare for trial. Thus, the Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Dasher's motion to continue the trial [**Doc. 348**] is **GRANTED**. The trial of this case is reset to **December 3, 2019**. The Court finds that all the time between the filing of Defendant Dasher's motion on March 25, 2019, and the new trial date of December 3, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is extended to **July 5, 2019**. Responses to motions are due on or before **July 19, 2019.** If any motions are filed that require a hearing, the Court intends to set a motion hearing in late July. The deadline for concluding plea negotiations and for providing reciprocal discovery is extended to **October 3, 2019**. The parties are to appear for a final pretrial conference on **November 19, 2019, at 11:00 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **November 18, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **November 22, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Boyd Phillips's Motion to Withdraw Motion to Extend Deadline for Filing Additional Motions [**Doc. 380**] is **GRANTED**.

4

Defendant Phillips's motion to continue the trial and other deadlines [**Doc. 351**] is **WITHDRAWN.**

(2) Defendant Susan Dasher's Motion for Extension of Time to File Pretrial Motions and to Extend All Other Deadlines [**Doc. 348**] is **GRANTED**;

(3) The trial of this matter is reset to commence on **December 3, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) All time between the filing of the motion to continue on **March 25, 2019**, and the new trial date of **December 3, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) Defendant Guy Jenkins's oral motion to extend the motion deadline is **GRANTED**. The new deadline for filing pretrial motions is **July 5, 2019**. Responses to motions are due on or before **July 19, 2019**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **October 3, 2019**;

(7) Motions *in limine* must be filed no later than **November 18, 2019**;

(8) The parties are to appear before the undersigned for a final pretrial conference on **November 19, 2019, at 11:00 a.m.**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **November 22, 2019**.

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge